IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8:21-489 |
| | ) | 18 U.S.C. § 2261A(2)(B) |
| | ) | 18 U.S.C. § 875(c) |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| KELSEON WOODS | ) | INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning in or about August 2014, and continuing through the date of this indictment, in the District of South Carolina and elsewhere, the defendant, KELSEON WOODS, with the intent to harass and intimidate a person, who is known to the grand jury as "MB" used the mail, an interactive computer service, electronic communication service, an electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that caused, and would be reasonably expected to cause, substantial emotional distress to "MB".

In violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about April 21, 2021, in the District of South Carolina and elsewhere, the defendant, KELSEON WOODS, knowingly and willfully did transmit in interstate and foreign commerce, a communication containing a threat to injure the person of another, to wit: an Instagram message to a person known to the grand jury as "JM" threatening to kill "JM".

All in violation of Title 18, United States Code, Section 875(c).

## FORFEITURE

INTERSTATE COMMUNICATION OF THREATS:

Upon conviction for violation of Title 18, United States Code, Section 875, the Defendant, KELSEON WOODS, shall forfeit to the United States any property, real or personal, constituting, derived from, or is traceable to proceeds the Defendant obtained, directly or indirectly, as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violation charged in this Indictment includes, but is not limited to, the following:

(a) Cash Proceeds / Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of 18 U.S.C. § 875.

(b) Electronic Equipment:

(1) HP Laptop (S/N: SCD7505YC6)

(2) Iphone 6S (S/N: F17Q91BWGRXV)

(3) Iphone 6, Model A1549 (IMEI: 352018072383116)

(4) Apple Watch, Series 1 (S/N: Unknown)

(5) Two (2) Flash Drives

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture to the United States, as a result of any act or omission of the Defendant,

(1) Cannot be located upon the exercise of due diligence;
(2) Has been transferred or sold to, or deposited with a third party;
(3) Has been placed beyond the jurisdiction of the Court;
(4) Has been substantially diminished in value; or
(5) Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A __TRUE__ Bill

REDACTED
FOREPERSON

M. RHETT DEHART  (WJW/jal)
ACTING UNITED STATES ATTORNEY

3